GALLOWAY *v.* HOOD.

Opinion delivered May 12, 1930.

*Longstreth & Longstreth,* for appellant.

*Robert Bailey,* for appellee.

HUMPHREYS, J. Appellant brought suit against appellee for $463.71, the balance due on a Lipman Ice Machine he sold appellee on the installment payment plan, and to enforce a lien on said machine for said amount. It was alleged that he sold the machine for $1,022.50, received $102 cash, and eighteen notes for the balance of the purchase price, all of which were paid except the notes covering the amount sued for; also that pursuant

to the contract, made the basis of the suit, he properly installed the machine by attaching same to an American fountain which appellee purchased elsewhere, and regulated the operation thereof with a thermostat; that after installing the same the contract provided for a twenty-four hours' test to ascertain whether satisfactory, which test was made to the satisfaction of appellee, who then accepted same; that the written contract provided that after the twenty-four hour test guaranteeing satisfaction "seller's liability is limited to replacement of such parts as may prove defective in one year," provided seller be notified of defect in writing; and "seller does not guarantee and will not be responsible for spoilage or other damage which may occur after installation and satisfactory test."

Appellee filed an answer admitting the contract, and that there was a balance of $466.71 due on the notes, but filed a cross-complaint claiming damages in the sum of $1,000 on account of the failure of the Lipman Ice Machine to satisfactorily do the work for which it was sold.

Appellant filed a reply denying the allegations of the cross-complaint.

The cause was submitted upon the pleadings and testimony, at the conclusion of which, appellant requested a dismissal of the cross-complaint which was refused, over his objection and exception.

The court then sent the case to the jury upon the sole issue of whether appellee sustained damages, not to exceed $1,000, on account of defects in the Lipman Ice Machine, which prevented it from satisfactorily doing the work for which it was sold, over the objection and exception of appellant.

The court correctly stated to the jury that appellee admitted the execution of the contract and the balance due thereon; but we think erroneously told them that appellee was entitled to recover on his counterclaim for any damage resulting to him on account of defects in the Lipman Ice Machine. The only proof tending to show

damage was for spoilage and loss of profits in appellee's business because the thermostat, which automatically regulated the temperature in the different compartments of the soda fountain to which the Lipman Ice Machine was attached, did not correctly function. The testimony did not show what a new one would have cost, or that the installation of a new one would not have caused the machine to do the work satisfactorily for which it was sold. The undisputed testimony reflects that the twenty-four hour test provided for in the contract was made with the result that the Lipman Ice Machine correctly functioned. According to the terms of the contract appellant was exempted from liability for spoilage or other damages after the installation of the Lipman Ice Machine and a satisfactory test thereof, the only reservation being that appellant should supply or pay for defective parts within a year upon written notification. The testimony does not reflect that such an application was made for any part of the Lipman Ice Machine after the test on account of same being defective.

Again, long after the installation of the Lipman Ice Machine and the twenty-four hour test had proved satisfactory, and after appellant admits that he knew he was sustaining damages on account of defects in said machine, he wrote the following letters to appellant which, in our opinion, clearly estopped him from claiming damages on account of spoilage, or the loss of profits in his business:

"11-8-26.

"Just received your letter. Am very sorry you had to pay those notes. Owing to the crop conditions which you are aware of we just can't make collections, and business is very quiet. Too, we have been handicapped in many ways. Our plumbing bills were big and our power bill is more than we anticipated, and we have other unforseen expenses. It is impossible for us to pay all the notes off now, but we will pay the past due notes one at a time, and then pay the others as they fall

due. Let us hear from you. The company is still hold-
ing one note which we paid but failed to include interest.
We will send this when we hear where the note is. We
can pay at least two of the past due notes this month.
Maybe all of them.

"Respectfully, Louis Hood."

"11-30-26.

"Galloway Woodward.

"Gents: We expected to send you some money be-
fore now. We have some notes which parties promised to
pay, but to date we haven't collected. We will send you
check to pay one by Monday, and will take up another
one soon. We cannot pay them all at once, but will get
them paid before long. We have been handicapped in
many ways. Our fountain has not been fixed right yet.
Our electric bill is more than we anticipated, and owing
to condition of fountain we have had some big plumbing
bills which we shouldn't of had. Of course you are aware
of the slump in business which we didn't anticipate. We
will get it all adjusted soon. Thanking you,

"Respectfully, Louis Hood."

"1-6-27.

"Galloway Woodward.

"Gents: We don't owe you 5 notes. Just 4. We are
sending check to cover No. 88, and will pay another one
soon. Will send check for the extra interest due you, too.

"Respectfully, Louis Hood."

According to a proper interpretation of the contract,
and the undisputed evidence relating to the installation
and twenty-four hour test that was made, and the letters
quoted above, the trial court should have dismissed the
cross-complaint, when requested to do so by a peremptory
instruction.

On account of the error indicated, the judgment is
reversed, and the cause is remanded for a new trial.

HART, C. J., dissents.